IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

LISA HILLIGOS

      Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

      Defendant.

---

## NOTICE OF REMOVAL

---

The Defendant, Allstate Fire and Casualty Insurance Company, through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado.  In support thereof, Defendant states as follows:

1.      On March 16, 2018, CT Corporation, as registered agent for Allstate Fire and Casualty Insurance Company, was served with Plaintiff's Complaint filed in the District Court, Boulder County, State of Colorado, captioned, *Lisa Hilligos v. Allstate Fire and Casualty Insurance Company*, Case No. 2018CV30247 (See, *Return of Service*, attached hereto as **Exhibit A**.)

2.      Plaintiff, Lisa Hilligos, filed her Complaint in Boulder County District Court on or about March 14, 2018. (See, *Complaint*, attached hereto as **Exhibit B.**)

3.      At all relevant times, Plaintiff was a citizen of the State of Colorado. (See **Exhibit B**, ¶ 4.)

4.      A copy of the Summons and Civil Case Cover Sheet served on Defendant are attached hereto as **Exhibit C** and **Exhibit D**.

5.      At all relevant times, Defendant was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois.  (See **Exhibit B**, ¶ 5.) Defendant is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6.      The underlying event for this case is a motor vehicle accident involving Plaintiff Lisa Hilligos on January 30, 2013.  (See **Exhibit B,** ¶ 1, hereinafter "the Accident").  Plaintiff Lisa Hilligos alleges that the accident was caused by an at-fault driver. (See **Exhibit B,** ¶1.)

7.      Plaintiff's claim against Defendant asserts three claims for relief: (1) breach of contract; (2) common law bad faith breach of contract; and (3) improper delay or denial under C.R.S. 10-3-1115 and 10-3-1116.

8.      According to Plaintiff's Complaint, Lisa Hilligos has sustained multiple injuries, damages and losses, including without limitation injuries to her neck, back and right wrist. Plaintiff also alleges that due to the accident she has suffered and will suffer economic damages, non-economic damages, and damages for physical impairment and/or disfigurement. (See **Exhibit B, ¶9 and 10**.)

9.      Plaintiff also seeks from Defendant all damages she has incurred, including general and special damages, interest costs, attorney's fees, and two times the covered benefits and reasonable attorney's fees.  (See, **Exhibit B**, WHEREFORE CLAUSE.)

10.     Plaintiff contends that her medical bills from the accident are approximately $16,479.52 and submitted a demand for benefits to Defendant for her underinsured motorist policy limits of $25,000.  (See **Exhibit B, ¶** 26-27.)

11.     In addition, Plaintiff has claimed that she has suffered in excess of $50,000 in injuries.  (See **Exhibit B, ¶** 71.)

12.     When the complaint itself does not set forth the specific amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007).   Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000.  *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

13.     Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction.  *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).   A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim.  *Id*.   While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

14.     Plaintiff made a policy limits demand for the amount of $25,000.00 to Defendant via a letter dated March 14, 2016 stating that Plaintiff had incurred economic damages of $17,203.82 and that her injuries from the accident have negatively impacted her ability to earn wages or advance in her field. (See, **Exhibit E**, Plaintiff's demand letter dated March 14, 2016.)

15.     At all times relevant to this action, Plaintiff was insured under a policy issued by Defendant with coverage for uninsured/underinsured motorist benefits with limits of $25,000/$50,000.

16.     Plaintiff and Defendant do not agree on the value of Plaintiff's claims for benefits.

17.     In her Complaint, in addition to the claimed injuries and damages set forth above, pursuant to C.R.S. § 10-3-1116, Plaintiff seek two times the covered underinsured benefit, plus reasonable attorney fees and court costs. (See **Exhibit B**, Wherefore Clause)

18.     Pursuant to the recent Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, 2013WL6673066, (Colo.App. 2013), if Plaintiff proves her damages are equal to or exceed $25,00.00, and those benefits were unreasonably delayed and denied, she is entitled to collect her $25,000.00, plus two times the covered benefit, or an additional $50,000.00.  These values exceed the jurisdictional threshold.

19.     Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute.  *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

20.     Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.) The Civil Cover Sheet is considered an "other paper" under §1446(b)(3), which can be considered as support for a removal notice regarding the amount in controversy. *See Paros Properties, LLC v. Colorado Casualty Insurance Company, et al.*, 2016 WL 4502286, (10th Cir. 2016) (concluding that civil cover sheet filed in Colorado state court with complaint

against insurer was an "other paper" that provided insurer with adequate notice that the case was removable on diversity grounds).

21.     Based upon on the foregoing, Plaintiff's claim involves an amount in controversy exceeding $75,000.  Plaintiff presented a policy limits demand to Defendant for $25,000, which includes claims for medical expenses totaling at least $16,479.52, plus a loss of earning capacity claim and claims for non-economic damages.

22.     Plaintiff also seeks damages for physical impairment and disfigurement.  In addition, Plaintiff seeks her reasonable attorney's fees and two (2) times the amount of her covered benefits pursuant to C.R.S. § 10-3-1116(1).  Given these alleged damages, the amount in controversy is at least $75,000.

23.     Once the facts have been established, uncertainty about whether the plaintiffs can prove their substantive claims, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

24.     Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

25.     Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its

principal place of business . . . ."

26.     Jurisdiction of this Court is properly based on diversity of citizenship pursuant to

28 U.S.C. § 1332.

27.     Since Plaintiff's initial Complaint was served on March 16, 2018, the time period

for allowance of removal has not expired.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the

Boulder County District Court to the United States District Court of Colorado.

DATED:  April 6, 2018

Respectfully submitted,

By:  *s/ Kurt H. Henkel*
Kurt H. Henkel
Cheri R. Lazar
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com and crl@tucker-holmes.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

P Marco F. Bendinelli
Gregory J. Theo
Bendenelli Law Firm, P.C.
9035 Wadsworth Pkwy, Suite 4000
Westminster, CO  80021
*Attorneys for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  */s/ Kurt H. Henkel*
Kurt H. Henkel