DATE FILED: March 14, 2018 9:19 AM
FILING ID: 67D51687D9AE3
CASE NUMBER: 2018CV30247

| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**<br>1777 6th Street<br>Boulder, CO 80302 | |
| **Plaintiff: Lisa Hilligos**<br><br>v.<br><br>**Defendant: Allstate Fire and Casualty Insurance Company** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Marco F. Bendinelli (#28425)<br>Gregory J. Theo (#41081)<br>BENDINELLI LAW FIRM, P.C.<br>9035 Wadsworth Pkwy., Ste. 4000<br>Westminster, CO 80021<br>Phone Number: 303.940.9900<br>Fax Number:   303.940.9933<br>Email: mfb@colawfirm.com; gjt@colawfirm.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Lisa Hilligos by and through her attorneys the Bendinelli Law Firm, P.C., files her Complaint against Defendant, Allstate Fire and Casualty Insurance Company, and states as follows:

**GENERAL ALLEGATIONS**

1. Lisa Hilligos (hereinafter "Plaintiff") was injured on or about January 30, 2013, when a motor vehicle driven by Blake Rios (hereinafter "Tortfeasor") collided with the motor vehicle driven by Plaintiff (hereinafter "the Incident").

2. At the time of the Incident, Allstate insurance Policy Number 9 64 889154 07/01 (hereinafter "the Auto Policy") was in effect between the parties to this action.

3. The Auto Policy included underinsured motorist (UIM) coverage of $25,000.00.

4. At the time of the Incident, Plaintiff resided at 9101 Stuart Street, Westminster, Colorado, 80031.

EXHIBIT B

5. Defendant is an Illinois corporation authorized to do business in Colorado.

6. Defendant's registered agent in Colorado is the Division of Insurance, located at Suite 850, 1560 Broadway, Denver, CO 80202.

7. Defendant's principal street address in Illinois is 2775 Saunders Road, Northbrook, IL 60062.

8. The Tortfeasor's negligent operation of his motor vehicle caused the Incident.

9. As a direct and reasonably foreseeable result of the Incident, Plaintiff sustained multiple injuries, damages, and losses (hereinafter "Injuries"), including without limitation injuries to her neck and back, and to her right wrist.

10. As a direct and reasonably foreseeable result of Plaintiff's Injuries, Plaintiff has suffered and will suffer economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

11. As a direct and reasonably foreseeable result of the Injuries, Plaintiff has been rendered more vulnerable to subsequent injury.

12. Plaintiff's date of birth is April 18, 1963.

13. At the time of the Incident, Plaintiff was 49 years old.

14. Pursuant to C.R.S. § 13-25-103, Plaintiff had a life expectancy of 30.7 additional years at the time of the Incident.

## SUBJECT MATTER JURISDICTION

15. Pursuant to C.R.S.A Const. Art.6 §9 , this Court has subject matter jurisdiction over this action because it involves a civil matter and district courts are courts of general and original jurisdiction and the amount in controversy is greater than $15,000.

## PERSONAL JURISDICTION

16. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because Defendant transacts business in Colorado.

17. Pursuant to C.R.S. § 13-1-124(1)(d), this Court has personal jurisdiction over Defendant because Defendant contracted to insure Plaintiff and her property, both located within Colorado at the time of contracting.

## VENUE

18.     Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court for the County of Boulder, because Defendant is a nonresident of the state of Colorado and Boulder County is the county designated in this Complaint.

## FACTUAL BACKGROUND

19.     Plaintiff incorporates the previous paragraphs by reference as if stated in their entirety.

20.     On January 29, 2016 Plaintiff filed suit against the Tortfeasor in the Adams County District Court under case number 16CV30163.

21.     The Tortfeasor subsequently made an offer of settlement of $25,000.00, which was the limit of insurance coverage available to the Tortfeasor to cover his liability to Plaintiff arising from the Incident.

22.     On March 13, 2016, Defendant granted Plaintiff permission to accept the underlying bodily injury limits and release the Tortfeasor in exchange for payment on the Tortfeasor's behalf of $25,000.00.

23.     On March 21, 2016 the Tortfeasor issued Plaintiff a $25,000.00 settlement check.

24.     At the time of the Incident, the Tortfeasor was underinsured.

25.     As a result of the Incident, Plaintiff was legally entitled to collect an amount which exceeded $25,000.00 from the Tortfeasor.

26.     Plaintiff's medical bills from the Incident are approximately $16,479.52.

27.     On March 15, 2016 Plaintiff submitted a written request for benefits to Defendant for $25,000.00 (hereinafter Plaintiff's "UIM claim"), the policy limits of the Auto Policy.

28.     On April 11, 2016 Plaintiff authorized an extension of the time within which Defendant had to respond to Plaintiff's request, to April 19, 2016.

29.     On April 22, 2016, Defendant made a written offer to settle Plaintiff's UIM claim for $5,000.00.

30. On May 19, 2016 Defendant repeated the $5,000.00 settlement offer.

31. On May 20, 2016, in terms of C.R.S 10-3-1104, Plaintiff sent a written request to Defendant for a breakdown of Defendant's evaluation of Plaintiff's claim, which breakdown was to include any damages awarded for past and future economic damages, past and future non-economic, and any awards for physical impairment or permanent disability that Plaintiff may have suffered in the Incident.

32. On June 11, 2016 Defendant provided a written purported explanation for its original $5,000.00 offer, including the submission that it was reducing Plaintiff's bills by what Defendant claimed was "reasonable and customary."

33. Specifically, Allstate advised that it was considering only $10,695.39 of Plaintiff's medical bills.

34. On July 11, 2016, and again on July 30, 2016, Defendant reiterated the $5,000.00 offer.

35. On August 1, 2016 Plaintiff requested justification for Allstate's considering only $10,695.39 of Plaintiff's medical bills.

36. In that letter, Plaintiff's counsel again requested that Defendant provide a breakdown of Defendant's assessment of Plaintiff's claim, which breakdown was to include any damages awarded for past and future economic damages, past and future non-economic, and any awards for physical impairment.

37. On August 5, 2016 Defendant asserted that it's June 11, 2016 in fact constituted a reasonable explanation based upon C.R.S 10-3-1104.

38. On September 2, 2016 Defendant repeated the original $5,000.00 offer.

39. On September 22, 2016 Plaintiff requested that Defendant respond substantively within 15 days to the issues raised by Plaintiff on August 1, 2016.

40. On September 30, 2016 Defendant repeated the $5,000.00 offer, but gave an assurance that it would respond substantively to the issues raised by Plaintiff on August 1, 2016.

41. On October 6, 2016 Defendant (through its counsel, Mr. Kurt H. Henkel of Tucker Holmes, PC) sent Plaintiff a letter wherein *inter alia* Plaintiff's counsel was referred to the Colorado Jury Instructions in support for the proposition that "it is patently wrong for you to accuse my client of violating the law by considering usual and

4

customary pricing rather than the billed amount to determine reasonableness (of a medical bill)."

42. On October 29, 2016 Defendant repeated the original $5,000.00 offer.

43. On November 11, 2016 Plaintiff responded to Mr. Henkel *inter alia* as follows:

> "We have repeatedly asked for your client to make a prompt and fair evaluation of Ms. Hilligoss' claim, yet your client continually makes "offers to settle." ***Please instruct your client to give us Allstate's evaluation of her claim, including past and future economic damages, past and future non-economic damages, and any awards for permanent physical impairment in non-discounted amounts.***
>
> You end your letter by asking plaintiff (to) … provide some support … that the bills are reasonable. I would ask what other support a defendant could demand from the plaintiff to illustrate the reasonable value of the medical services provided." (Emphasis in the original.)

44. Defendant repeated the original $5,000.00 offer on: November 23, 2016; January 20, 2017; February 20, 2017; April 7, 2017; March 27, 2017; June 24, 2017; July 26, 2017; August 18, 2017; December 4, 2017; December 26, 2017; January 18, 2018; and, February 15, 2018.

45. Plaintiff has requested that Defendant tender her contracted-for underinsured motorist benefits in correspondence that included her Bodily Injury settlement demand, with documentation comprehensively establishing liability and proof of damages.

46. Defendant had the opportunity to fully investigate and evaluate Plaintiff's claim.

47. Plaintiff has requested that Defendant provide her with the insurance coverage she purchased.

48. Defendant has denied Plaintiff the insurance coverage she purchased.

49. Defendant's said denial to provide payment of the benefits Defendant owes to Plaintiff is without a reasonable basis.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

50. Plaintiff incorporates the previous paragraphs by reference as if stated in their entirety.

51. Defendant entered into an Insurance Contract with Plaintiff, the Auto Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

52. Pursuant to the Auto Policy, Plaintiff paid premiums to Defendant in consideration for insurance coverage provided by Defendant which included benefits for uninsured motorist coverage.

53. The condition precedent for Plaintiff to receive her uninsured motorist benefits under the Auto Policy was triggered when the underinsured Tortfeasor inflicted damages upon Plaintiff in the Incident.

54. Defendant failed to provide the contracted-for benefits associated with Plaintiff's underinsured motorist coverage despite Defendant's knowledge that the Tortfeasor was underinsured.

55. Defendant is in breach of the contract between Plaintiff and Defendant.

56. As a direct and reasonably foreseeable result of Defendant's breach of contract, Plaintiff has suffered and will suffer general and special damages.

## SECOND CLAIM FOR RELIEF
**(Common Law Bad Faith Breach of Insurance Contract)**

57. Plaintiff incorporates the previous paragraphs by reference as if stated in their entirety.

58. Defendant entered into an Insurance Contract with Plaintiff, the Auto Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

59. Defendant acted unreasonably in refusing to pay Plaintiff's claim within a reasonable time.

60. Defendant acted unreasonably in not attempting, in good faith, to effectuate prompt, fair, and equitable settlement of Plaintiff's claim after liability was

reasonably clear.

61. Defendant's conduct was unreasonable because a reasonably careful insurer would not have taken Defendant's actions.

62. Defendant knew that its conduct was unreasonable, or acted recklessly.

63. Defendant recklessly disregarded the unreasonableness of its conduct because it acted with knowledge of facts indicating that its conduct lacked a reasonable basis.

64. Defendant recklessly disregarded the unreasonableness of its conduct because it acted with deliberate indifference to the facts of the claim.

65. Defendant willfully engaged in this conduct.

66. Defendant's conduct contributed to and caused its delay and denial of Plaintiff's underinsured motorist claim.

67. As a direct and reasonable foreseeable result of Defendant's bad-faith breach of the Auto Policy, Plaintiff suffered, and will suffer, general and special damages

### THIRD CLAIM FOR RELIEF
**(Improper Delay or Denial of Claim, C.R.S. §§10-3-1115 & 1116)**

68. Plaintiff incorporates the previous paragraphs by reference as if stated in their entirety.

69. Defendant entered into an Insurance Contract with Plaintiff, the Auto Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums

70. Defendant owes Plaintiff a duty of good faith and fair dealing.

71. Plaintiff suffered in excess of $50,000 in injuries.

72. Plaintiff has requested Defendant provide her with the contracted for benefits.

73. Defendant delayed and/or denied Plaintiff's request for her contracted for benefits.

74. Defendant has refused to compensate Plaintiff for her pain and suffering.

75. Defendant has refused to compensate Plaintiff for her non-economic damages.

76. Defendant denied and/or delayed and continues to deny and/or delay payment of benefits to the Plaintiff without a reasonable basis.

77. As a direct and reasonable foreseeable result of Defendant's bad-faith breach of the Auto Policy, Plaintiff suffered, and will suffer, general and special damages

## **REQUEST FOR A JURY**

78. Plaintiff incorporates the previous paragraphs by reference as if stated in their entirety.

79. Plaintiff requests that all the above claims be joined and tried to a jury.

WHEREFORE Plaintiff requests that judgment be entered in his favor and against Defendant, for all available relief, including without limitation specific performance; general and special damages, specifically two times the covered benefit; interest, costs, and attorney's fees; and such other relief as this Court deems proper.

Dated: March 14, 2018.

                                                          BENDINELLI LAW FIRM, P.C.
*This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

By: /s/ Gregory J. Theo
     Gregory J. Theo (#41081)
     Marco F. Bendinelli (#28425)
     *Attorneys for Plaintiff*

Plaintiff's Address:
9101 Stuart Street
Westminster, CO 80031

8